PARKWAY MALL ASSOCIATES, A NEW JERSEY PARTNER-SHIP, PLAINTIFF-APPELLANT, v. WATER POLICY AND SUPPLY COUNCIL OF THE DIVISION OF WATER RESOURCES OF THE DEPARTMENT OF ENVIRON-MENTAL PROTECTION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 31, 1978—Decided February 23, 1978.

170 

Before Judges HALPERN, LARNER and KING.

*Mr. Robert Paschon* argued the cause for appellant (*Messrs. Paschon and Feurey,* attorneys; *Mr. Stephen B. Kotzas* on the brief).

*Mr. Steven Gray,* Deputy Attorney General, argued the cause for respondent (*Mr. John Degnan,* Attorney General of New Jersey; *Mr. William F. Hyland,* former Attorney General of New Jersey; *Ms. Erminie L. Conley,* Deputy Attorney General, of counsel, and *Mr. Stuart R. Meislik,* Deputy Attorney General, on the brief).

PER CURIAM. In May 1973 appellant Parkway Mall Associates (PMA) filed a stream encroachment permit application with respondent Water Policy and Supply Council of the Division of Water Resources of the Department of Environmental Protection (Council) pursuant to *N. J. S. A.* 58:1-26. PMA planned to construct a large shopping mall and parking area adjacent to the Toms River in Dover Township. Landfill placement on the project will partially obstruct the river's flow, and hence the need for a permit.

In December 1974, following a hearing, the Council conditionally approved PMA's application for a permit. Final approval was subject to performance of six conditions, plus a requirement that appellant's trade name certificate be filed with the appropriate county clerk's office. In June 1975 the Council asked PMA for a progress report and was advised by appellant of the stage of compliance with each condition.

In May 1976 the Council rescinded the conditional approval of December 1974 "due to lack of response." PMA,

as of May 1976, had failed to comply with the conditions of the permit. In September 1976 PMA filed a complaint in lieu of prerogative writs against the Council in the Law Division seeking reinstatement of the revoked conditional stream encroachment permit and the allowance of a reasonable time to comply with the conditions.

On October 18, 1976 the Council reinstated the conditional permit and extended the time for compliance to January 15, 1978. Thus PMA had approximately three years to comply with the six conditions. This action was transferred to the Appellate Division pursuant to *R.* 1:13–4(a) on March 29, 1977.

On appeal PMA asserts that the Council's action in imposing a time limitation for compliance of three years, after the conditional permit was issued, and without any additional hearing, violates its due process rights. Clearly, under *N. J. S. A.* 58:1–26 the Department of Environmental Protection, through the Council, is entitled to impose reasonable conditions for "preserving the channel and providing for the flow of water" in Toms River. The Council contends that the implied power to limit the time within which conditions placed upon permits shall be completed is inherent in the regulatory scheme and necessary for exercise of its statutory powers. We agree and affirm. It was not necessary for the Council to conduct any additional hearing before deciding to impose the three year limitation on completion of the conditions. Such a limitation is reasonably necessary because the character of water courses changes over time, the interest of other property owners, upstream or downstream, and the public interest may change or evolve with the passage of time.

The record demonstrates that the actual construction permits require completion of the work within two years from date of issue. The Council argues persuasively that there is a limit as to how far in the future it can predict changes in the Toms River. If conditional approvals had no time limit the Council might not be able to entertain downstream

applications since it would not know the effect of PMA's project on the stream. Indeed, we would be most reluctant to construe the statute in a way which would permit the Council to grant "open-ended" permits with no time limitations.

PMA has not applied administratively for any additional extension of time to complete the conditions. The Attorney General, in both the brief and at oral argument, assures us PMA has the right to apply for an extension of the January 15, 1978 date. The Attorney General further states in the brief, "if the Council determines that conditions on The Toms River have so changed as to necessitate substantive changes in the appellant's project, it would then be entitled to an administrative hearing on this decision should it feel aggrieved thereby."

Under these circumstances we conclude that the Council's imposition of a three-year time limitation to comply with the requirements of the conditional stream encroachment permit was not unreasonable or arbitrary. PMA has not been deprived of any due process, statutory, or regulatory rights.

Affirmed.